IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE (AOH), an individual<br><br>*Plaintiff*,<br><br>VS.<br><br>G6 HOSPITALITY, LLC,<br>G6 HOSPITALITY IP, LLC,<br>G6 HOSPITALITY PROPERTY, LLC,<br>G6 HOSPITALITY PURCHASING, LLC,<br>G6 HOSPITALITY FRANCHSING LLC,<br>MOTEL 6 OPERATING, L.P., AND<br>ASTHA MANAGEMENT, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:25-CV-00325<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION**

Defendants moved to dismiss Plaintiff's complaint. [Dkt. 9]. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. [Dkt. 33]. On August 11, 2026, the magistrate judge submitted a report recommending that the motion to dismiss be denied. [Dkt. 43]. The Court has considered the report and recommendation, Defendants'[1] objections [Dkt. 44] filed on August 26, 2026, and Plaintiff's response [Dkt. 45] filed on September 9, 2026.

[1] The motion to dismiss [Dkt. 9] was filed by G6 Hospitality, LLC, G6 Hospitality LC, LLC, G6 Hospitality, Property, LLC, G6 Hospitality Purchasing, LLC, G6 Hospitality Franchising, LLC, Motel 6 Operating, L.P. In their filing, they collectively refer to themselves as the "G6 Entities." They did not brief separate arguments for failure to plead claims as to each defendant individually. For this reason, this Court does not entertain the argument that Judge Stetson's report impermissibly groups the entities together, and Defendants' objection to "collective treatment of the entitities[.]" [Dkt. 44 at 7]. The report engaged with argument as they were briefed.

## DISCUSSION

Defendants claim that Judge Stetson's report and recommendation improperly infers that information concerning Plaintiff was reported to and received by G6 merely because a reporting policy allegedly existed [Dkt. 44 at 2–3]. The prior orders Defendants cite in support of this claim [Dkt. 44 at 3] are both denials of summary judgment, and are not controlling at the motion to dismiss posture.[2] It is critical to understand Plaintiff's burden at the motion to dismiss, as opposed to the summary judgment stage. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Palmquist v. Hain Celestial Group, Incorporated*, 103 F.4th 294, 304 (5th Cir. 2024). At summary judgment, the relevant question is whether—after discovery—there remains any "genuine dispute as to any material fact." FED. R. CIV. P. 56(A). If there is none, the moving party is "entitled to judgment as a matter of law." *Id.* "A dispute as to material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). In other words, a motion to dismiss determines whether the pleading warrant the burdens of discovery, whereas summary judgment determines whether they warrant the costs of trial.

[2] Defendants cite *Doe (S.R.C.) v. G6 Hospitality, LLC*, No. 9:23-CV-00165-MJT, Dkt. 264 (E.D. Tex. July 13, 2026) and *Doe (M.K.) v. G6 Hospitality, LLC*, No. 9:24-CV-0080-MJT, Dkt. 158 (E.D. Tex. July 13, 2026). Relevantly, in both of these cases, plaintiffs' allegations were sufficient to survive a motion to dismiss.

**1. Plaintiff's Claims Support a Reasonable Inference That the Knowledge Standard Was Met**

Defendants are correct in stating [Dkt. 44 at 3] that Plaintiff must "allege facts supporting a reasonable inference" that they knew or should have known of her trafficking. *See Iqbal*, 556 U.S. at 663. They argue that pleading the existence of a franchise relationship between them and the Franchisee Defendants which the Plaintiff claims had actual knowledge, alone, would not support such an inference. [Dkt. 44 at 4]. They are correct that pleading the existence of a franchise relationship does not automatically amount to pleading a principal-agent relationship, which would impute the knowledge and resulting liability of the franchisee to the franchisor. *See Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F. Supp. 3d 719, 738–39 (E.D. Tex. 2024). In so ruling, the Court has guided that "ordinary franchise services do not by themselves, satisfy § 1595(a)." [Dkt. 44 at 6].

Where Defendants miss the mark is their argument that the Report improperly inferred "that information was transmitted or received based solely on the existence of a reporting protocol" and erroneously imputed knowledge to the franchisor based on this reporting policy. [Dkt. 44 at 3–4]. The existence of regular channels of information that may transmit the relevant knowledge can support such inferences at the motion to dismiss stage. *See, e.g.*, *Doe (S.M.A.) v. Salesforce, Inc.*, Case No. 3:23-cv-0915-B, 2025 WL 888433, *5 (N.D. Tex. Mar. 21, 2025); *Elias v. Nissan North America, Inc.*, Case No. 3:23-cv-00348, 2026 WL 886622, *10 (M.D. Tenn. Mar. 31, 2026). Furthermore, as the Report recognized [Dkt. 43 at 13], the Complaint did far more than allege "signs observed by unidentified franchisee employees," [Dkt. 44 at 4]; it alleged a business relationship where the Franchisor Defendants were intimately involved with or controlled aspects of the reservation systems, guest data, check-in procedures, and more. *See* [Dkt. 1 at 93–94]. This

amounted to Plaintiff alleging types of control "directly related to hotel operations that may have facilitated a victim's trafficking by allowing her exploitation to go unreported or unnoticed." *K.E.C.*, 750 F. Supp. 3d at 739. These allegations go well beyond pleading a "general knowledge that trafficking occurs in an industry." [Doc. #44]. As this Court has held, allegations that a defendant "possessed control over aspects of their franchisee's operations that contributed to her harm" are sufficient to plead indirect liability, which effectively serves the same purpose as pleading the requisite knowledge requirements for beneficiary liability at this posture. *K.E.C.,* 750 F. Supp. 3d at 740. [3]

**2. The Pleadings Also Sufficiently Allege Participation in a Venture**

Defendants continue by arguing that such "involve[ment] in centralized reservations, payment processing, guest systems, check-in standards, housekeeping policies, internet access, training, and other franchise or brand functions" are not sufficient to allege that they "participated in a venture that violated the TVPRA as to A.O.H." [Dkt. 44 at 6]. This Court has held that such allegations are sufficient to plead participation in a venture because it "link[s] [Plaintiff's] trafficking to the franchisors by demonstrating that the franchisors facilitated the trafficking through repeated renting of rooms and substantial oversight over the franchisee's hotel operations." *K.E.C.*, 750 F. Supp. 3d at 734.

**3. Defendants' Policy Arguments Are Misguided**

Finally, Defendants' policy argument that the "report's reasoning risks imposing an affirmative duty to discover or prevent trafficking" [Dkt. 44 at 4] is simply misplaced at the motion

[3] The same facts that a plaintiff has to allege for indirect liability on the part of a franchisor would satisfy the "should have known" standard at minimum. Because a principal is liable for its agent, it "should know" of conduct that gives rise to liability. Sufficiently pleading vicarious liability covers both bases at this juncture.

to dismiss stage. The Court is only deciding whether the pleadings are sufficient to warrant discovery. *See Enhanced Data Streaming LLC v. Cisco Systems, Inc.*, Case No. 2:25-cv-01038, 2026 WL 1584908, *1 (E.D. Tex. June 3, 2026). Accordingly, Defendants' request that "if the Report is adopted, the Court should expressly state that § 1595(a) does not create an affirmative duty to monitor, detect, investigate, or prevent trafficking and that the alleged existence of corporate policies or information systems does not itself establish actual or constructive knowledge" is inappropriate. It is true that this Court has stated that "the statute's plain text does not impose an affirmative duty on G6 to prevent sex trafficking." *S.R.C.*, Case No. 9:23-cv-00165-MJT, Dkt. 264 at 10. That recognition informed its guidance to the plaintiff in that case that her negligence-styled theories were misplaced. To say more regarding the statute's scope is not warranted at this stage.

## CONCLUSION

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes that the objections are without merit. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Defendants' objections, and **AFFIRMS** the denial of their motion to dismiss.

**SIGNED this 10th day of September, 2026.**

Michael J. Truncale
United States District Judge